IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                          PLAINTIFF/RESPONDENT

V.                          No.  2:10-CV-02020-RTD
                            No.  2:09-CR-20002-RTD
JOSE JUANES
                                                                  DEFENDANT/PETITIONER

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 20) filed February 11, 2010.  The United States of America filed a Response (Doc. 24) on March 19, 2010.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I.  Background**

On January 8, 2009, Petitioner was named in a three-count Indictment filed in the United States District Court of the Western District of Arkansas. (Doc. 6) The Indictment charged Juanes with knowingly and intentionally distributing a controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, U.S.C. § 841(a)(1) on or about November 12, 2008 (Count 1) and November 19, 2008 (Count 2), and possession with intent to distribute on November 20, 2008 (Count 3).

On January 23, 2009, Juanes' attorney, Mr. McGuire, sent a Rule 16, 26.2, and 18 U.S.C. § 3500 Discovery Request to the United States. The United States responded to Juanes' discovery request the same day by disclosing, among other things, police reports, a copy of the

affidavit/search warrant, and the DEA Laboratory Report. (Doc. 25-1 and Doc. 25-2)

On February 16, 2009, Juanes filed a Notice of Intent to Plead Guilty. (Doc. 11) Juanes submitted that he was provided a written Plea Agreement by the United States and intended to plead guilty to Count 3 of the Indictment. Juanes' Notice of Intent to Plea Guilty reiterated that he had personally reviewed the charges against him including the elements of the offenses, potential penalties, burden of proof, drug quantity, and sentencing guideline estimates with his retained counsel who provided an interpreter.

On February 26, 2009, pursuant to a written plea agreement (Doc. 14), Juanes appeared before the Honorable Robert T. Dawson and entered a guilty plea to Count 3 of the Indictment. (Doc. 13 and Transcript of Plea Hearing filed as Doc. 22)

A Presentence Report ("PSR") was prepared by the probation office and provided to Juanes' retained counsel, Michael McGuire, on May 1, 2009. On May 5, 2009, Mr. McGuire corresponded with the probation office acknowledging receipt of the PSR and that Juanes had no objection to the PSR. (Docket 16) On June 2, 2009, Juanes filed his Defendant's Waiver of Presentence Report Disclosure Time Periods (Doc. 17) and the PSR was filed under seal with the district court.

Juanes appeared before the Honorable Robert T. Dawson for sentencing on June 2, 2009. (Doc.18) The district court provided an interpreter. During the sentencing colloquy, Juanes answered affirmatively when asked if he had an opportunity to review the PSR with Mr. McGuire. (Doc. 23 at 3) Mr. McGuire added that, with an interpreter, he had reviewed the PSR "every page, every line" with Juanes. (Id.. at 4) The court sentenced Juanes on Count 3, dismissing Counts 1 and 2, to 87 months imprisonment, 3 years supervised release, $1,000.00

fine, and $100.00 special assessment. (Doc. 18) Judgment was entered on June 3, 2009. (Doc. 19)

On February 11, 2010, Juanes filed this instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (Doc. 20)

## II.  Discussion

The Petitioner is contending that the Government failed to disclose exculpatory evidence and that he had ineffective assistance of counsel. It also appears that the Petitioner may contend that his attorney failed to appeal his sentence.

### Failure to Appeal

The Plaintiff does not actually assert as a ground in his Motion that his attorney failed to appeal but states in an explanation as to why he did not appeal that "I wanted to appeal, but the Court appointed Attorney did not." (Doc. 20, p. 3).  The attorney representing the Plaintiff at the time of the plea was not a court appointed attorney but retained counsel from another state and the Petitioner's assertion that his attorney was "court appointed" is inconsistent with the record. A pro se complaint is subject to a liberal standard of interpretation, *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004);*Nunley v. Department of Justice,*  425 F.3d 1132, 1140 (C.A.8 (Ark.),2005) therefore the court will construe the Petitioner to have claimed that his attorney failed to appeal.

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's

failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007)

  For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. *Id*. A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id*. Moreover, "ineffective assistance of counsel cannot be presumed from the failure to advise that an appeal be taken ..." *United States v. Neff*, 525 F.2d 361, 364 (8th Cir. 1975). Where the record indicates that defense counsel did consult with the client about the right to file an appeal, and there is an absence of any evidence in the record to counter defense counsel's testimony that he never received express instructions from the client about an appeal, the client cannot make out an ineffective assistance claim, and cannot show that the district court is required to hold an evidentiary hearing. *United States v. Arvizu*, 270 F.3d 605, 606 (8th Cir. 2001).

  The plaintiff's retained counsel has specifically sworn that the Plaintiff never told him he wanted to appeal and that he throughly reviewed his appeal rights with his client a number of times when he visited him in the Sebastian County Detention Center. (Doc. 25, p. 1-2). The Plaintiff was also informed by the court of his right to appeal at the time of his plea (Doc. 22, p. 8) and at the time of his sentence. (Doc. 23, p. 15). The plaintiff was specifically informed that

the Notice of Appeal had to be filed within 10 days. (Id., p. 15).

The Petitioner's assertions in his petition do not rise to the level of an unequivocal statement to his attorney to appeal the judgment and the evidence is clear from the record that his attorney was never informed by his client to appeal the court's decision.

### Ground One:

### A.  Failure to disclose evidence.

Petitioner claims that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him.

The Petitioner's Initial Appearance occurred on December 5, 2008 and a public defender was appointed. The Affidavit attached to the initial complaint stated that a search was conducted of the Petitioner's residence on November 20, 2008 and the Defendant was located in the master bedroom and taken into custody.  During the search 3.3 grams of cocain along with 17.5 grams of methamphetamine was located in the residence. Also there was located $1,700 in the pocket of a men's jacket hanging in the closet of the master bedroom.  Two .380 caliber semi-automatic pistols were also found in the closet where the money was found.  In a barbeque grill located in the garage of the residence officer also found eight bundles containing approximately 228.3 grams of methamphetamine. (Doc. 1, p. 2-3) The Petitioner initially waived a probable cause hearing and one was never subsequently requested.  The Petitioner was Indicted on January 8 (Doc. 6) and a pretrial scheduling order (Doc. 8) was entered January 21, 2009.  The United States responded by complying with discovery on January 23, 2009 (Doc.25-1) and again on January 23, 2009 (Doc. 25-2).

The disclosure obligations of the Government encompasses both substantive exculpatory

evidence and evidence that might be valuable in impeaching government witnesses. *See United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). *U.S. v. Livingstone,* 576 F.3d 881, 884 (C.A.8 (Minn.),2009) There is absolutely no showing that the government failed to disclose exculpatory evidence to the Petitioner.  The Petitioner's attorney stated that the Petitioner "never disputed with me the facts of the offense as to the possession of illegal drugs in his house, that he was selling drugs to others (sic) persons, that he knew that selling the drugs was illegal, and never challenged the quantities of the drugs as alleged."  (Doc. 25-3, p. 5).  The Petitioner's attorney further stated that the Petitioner was "upset with the informer, who he knew, and had participated in the offenses." (Id.).  The Petitioner's attorney further states that the government provided him with "complete discovery" and "withheld nothing". (Id., p. 7).

      The Petitioner's claim that the government withheld exculpatory evidence is completely without merit.

### B. Ineffective Assistance of Counsel

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v.*

*Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective

assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

In the present case the Petitioner's attorney secured discovery from the government and reviewed the material throughly with his client. (Doc. 25-3). The Petitioner's attorney secured an agreement from the government to dismiss two delivery charges if the Petitioner agreed to plea to the possession with intent to deliver. (Doc. 22, p. 6). In addition the government sought to enhance the Petitioner's penalty because weapons were found in close proximity to the drugs. The Petitioner's attorney argued against that position and the court agreed with Petitioner's attorney and determined that the weapons did not have anything to do with the drugs that were being sold. (Doc. 23, p. 9).

The Petitioner did not raise any objections during his plea colloquy. The Petitioner informed the court that he had received a copy of the Indictment and his attorney had explained the nature of the charges to him. (Doc. 22, p. 4) He told the Court that he understood the agreement and was not forced to plead guilty. (Id., p. 5) He also informed the court that the United States could and would prove the stipulation of facts reflected in the plea agreement. (Id., p. 10-11) Juanes was informed by the Court that he had a right not to plead guilty and have a trial and to appeal. (Id., p. 8-9). However, Juanes did not seek to withdraw his plea prior to or immediately after sentencing. More importantly, Juanes did not file a direct appeal. Thus, Juanes has procedurally defaulted his claim for relief, with the exception of his claim that his counsel provided ineffective assistance. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir.2007) (appellate court ordinarily defers ineffective assistance claims to 28 U.S.C. § 2255 proceedings).

Although Juanes asserts in his § 2255 Motion that there is substantial evidence that the informant supplied the drugs and was the buyer (Doc. 20, p. 4), he never explains what evidence pertaining to this allegation was undisclosed by the United States or what "cause" excused his failure to raise the issue on direct appeal. Additionally, Juanes simply fails in establishing any concrete facts or providing specific examples which would demonstrate that his attorney was ineffective in securing discovery from the United States or in evaluating the strength of the case against the Petitioner.

The Petitioner has failed to establish any deficient performance by his attorney or any prejudice he as suffered.

**Evidentiary Hearing**

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988)*; Sidebottom v. Delo* 46 F.3d 744, 751 (C.A.8 (Mo.),1995).

In the present case the Petitioner has only alleged vague and conclusory language which is completely unsupported by the record. The Petitioner's attorney has stated that the Petitioner was "a difficult client who refused to listen to repeated explanations on the same issues that he didn't like." (Doc. 25-3, p. 3). The Petitioner's attorney has also stated that the Petitioner's "attempt to apply revisionist overlay to informer issues is completely fabricated." (Id., p. 8).

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in**

which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      IT IS SO ORDERED June 22, 2010.

      /s/ *J. Marschewski*
      HONORABLE JAMES R. MARSCHEWSKI
      CHIEF UNITED STATES MAGISTRATE JUDGE